

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS HANNON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | CIVIL ACTION NO. _____ |
| DAVID L. NEVITT, | § | |
| LAWRENCE T. CODDINGTON, JR. | § | **3-09CV0066-N** |
| DAVID DURICA, JERRY DODD, | § | |
| RANDY SUNDQUIST, | § | |
| FRANK W. POBLENZ | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

COMES NOW THOMAS HANNON, Plaintiff, complaining of David L. Nevitt, Lawrence T. Coddington, Jr., David Durica, Jerry Dodd, Randy Sundquist, and Frank W. Poblenz, and for cause of action will respectfully show unto the Court as follows:

### I.   Parties

1. Plaintiff is a resident of Van Zandt County, Texas.

2. Defendant David Nevitt is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street, Dallas, Texas 75215.

3. Defendant Lawrence T. Coddington, Jr. is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street, Dallas, Texas 75215.

4. Defendant David Durica is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street, Dallas, Texas 75215.

5. Defendant Randy Sundquist is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street, Dallas, Texas 75215

6. Defendant Jerry Dodd is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street, Dallas, Texas 75215.

7. Defendant Frank Poblenz is an individual residing in Dallas County, Texas, and service can be effected at his place of employment, Dallas Police Department, 1400 S. Lamar Street, Dallas, Texas 75215

## II.     Jurisdiction and Venue

8. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983. Any state law claims are brought pursuant to 28 U.S.C. §1367 and are subject to this court's supplemental jurisdiction. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §1391 because Defendants are domiciled and/or reside in the Northern District of Texas, and all or a substantial part of the cause of action accrued in the Northern District.

### III. Facts and Allegations

9. This case arises out of the unlawful arrest and subsequent indictment of Thomas Hannon. Plaintiff Hannon would show that on or about August 1, 2007 he was staying at a hotel located at 8051 LBJ Freeway, Dallas, Dallas County, Texas. At approximately 2:30 p.m., an acquaintance name Carl arrived as Hannon was leaving the premises. Carl and Hannon exited the second floor of the hotel. Carl was at all times relevant to these facts carrying a black leather bag over his right shoulder. The contents of the bag were unknown to Hannon.

10. Since Carl was heading in the opposite direction, Hannon waited for another friend to drive him to visit a friend at Presbyterian Hospital in Dallas. After realizing the friend was late, Hannon decided to walk to a Jack-in-the-Box. As he crossed Coit Road he heard a commotion behind him. He turned to see a Chevy Suburban coming at him with two police officers literally hanging out of the doors. The officers ordered Hannon to the ground and arrested him.

11. The motel video surveillance tapes showed Hannon and Carl as they walked down the hallway and exited the hotel's eastern exit. At all times relevant to these facts, Carl was carrying the black leather bag. The video shows Carl leaving the hotel and walking across the parking lot with the black leather bag as Hannon walked in the opposite direction carrying white trash bags.

12. At approximately 2:50 p.m. Defendant Sundquist was seen on the hotel video surveillance milling around the lobby of the hotel in plain clothes. The video surveillance captured several of the defendants as they went into the lobby of the hotel.

13. According to a police report generated by Defendant Dodd, at about 2:50 p.m. on August 1, 2007, Dodd and Durica were at the hotel to execute an arrest warrant for Hannon. The police go on to describe the following events: "On 8/01/07 at about 2:50 p.m. Northeast Deployment Officers J. Dodd #7577, D. Durica #5085, F. Poblenz #2953, L. Coddington #6830, D. Nevitt #4517 and Sgt. R. Sudquist #6517 were executing a felony warrant for AP Hannon at 8051 LBJ Frwy. AO Nevitt observed AP Hannon exit the rear entrance to the hotel, at which time AP was carrying a black leather bag. AP Hannon observed AOs in the parking lot at which time he immediately dropped the bag and took evasive measures by rapidly walking southbound through the parking lot. AOs Dodd and Durica took AP Hannon into custody, as he began to walk westbound on the service road to LBJ Frwy. Incident to arrest AO Dodd searched the bag in which AP Hannon was carrying and recovered a clear plastic baggie containing a white crystal like substance believed to be methamphetamine." Later in the report the following information was revealed. "AO Dodd also recovered a Colt .357 caliber revolver #6047CK from the bag in which AP Hannon was carrying."

14. Plaintiff Hannon was arrested as he was walking down LBJ Freeway. However, he repeatedly denied ever possessing a black leather bag or having any knowledge of the suspected methamphetamine or .357 Colt revolver. Hannon was taken in for questioning and he repeatedly asked what he was being charged with and continued to protest his innocence. Fed up with Hannon's refusal to cooperate, the Defendants concocted the story that was written verbatim in the police report and probable cause affidavit. Hannon was subsequently charged, arraigned, and indicted

PLAINTIFF'S ORIGINAL COMPLAINT Page 4 of 9

for possession of methamphetamine and possession of a firearm by a felon in cause number F-07-55470 and F-07-55471 respectively, and ordered to jail until trial.

15. Hannon's cases were set for jury trial in February 2008. Prior to trial, Hannon's criminal defense attorney James Whalen informed the Dallas County District Attorney's office that a copy of the videotape was recently obtained directly from the hotel. Whalen showed the videotape to Assistant District Attorney Elizabeth Jackson. The tape completely contradicted the Defendants' account of events contained in the police report. Armed with this information, Jackson re-questioned her police officer witness in preparation for Hannon's trial. Defendant Nevitt, in particular, stood by the story that he did see Hannon walk out of the hotel with the black bag, and that same afternoon that the Defendants had confirmed their account by watching the video surveillance at the hotel. Defendants told Jackson that the hotel was unable to make copies of the videotape.

16. Jackson, knowing that Defendants lied to her about the existence of copies of the video, as well as the story about Hannon carrying the black bag containing the contraband and the gun, dismissed the cases against Hannon.

### IV. Causes of Action

### THOMAS HANNON'S CLAIM FOR VIOLATION OF 42 U.S.C. § 1983 ET SEQ, FOURTH, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE US CONSTITUTION

17. Plaintiff re-alleges and restates all of paragraphs 10 through 17 of this Complaint and incorporates each of said paragraphs herein by reference.

18. The Defendants had actual notice of the injuries suffered by Plaintiff. Any conditions precedent have occurred, been performed, or have been waived.

19. Acting under the color of law, the Defendants have deprived Plaintiff of the rights and privileges secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and by other laws of the United States. They have falsely and intentionally arrested Plaintiff for violations of law, falsely incarcerated Plaintiff, harassed, abused, and otherwise violated basic civil rights afforded all citizens in the United States.

20. By their actions and or inactions as described above, Defendants have violated 42 U.S.C. § 1983 and the constitutional provisions cited therein. Specifically, Defendants arrested the Plaintiff without probable cause and without even "arguable" probable cause. Defendants were aware that the black bag was not owned by or in the possession of the Plaintiff. The Defendants intentionally trumped up charges against the Plaintiff and Defendants knew, at the time, that they did not have even "arguable" probable cause to arrest the Plaintiff for the drugs and firearm found in the black bag. As a proximate result of the arrest and incarceration of the Plaintiff and of the falsified police report, Plaintiff was incarcerated for ten (10) months in county jail pending trial.

21. As a direct and proximate result of the above-described actions of the individual Defendants, Plaintiff was deprived of his rights as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983. Specifically, Plaintiff, by virtue of the wrongful arrest and wrongful incarcerations, has suffered unreasonable seizure of his person in the form of a

prolonged confinement in the Dallas County Jail. Additionally, Plaintiff's Fourteenth and Fifth Amendment rights have been violated by the Defendants. Specifically, by trumping up false allegations and charges against Plaintiff and seeking indictments against him based on fraud, Defendants violated Plaintiff's rights to substantive and procedural due process. The indictment against the Plaintiff was procured by fraud, perjury or other corrupt means – specifically, the falsified police report.

22.     As a direct and proximate result of the occurrences made the bases of this lawsuit, Plaintiff Thomas Hannon was forced to suffer incarceration in the Dallas County Jail for ten (10) months. His wrongful arrest and subsequent and unnecessary and prolonged deprivation of freedom caused him to suffer severe mental anguish in the past, and loss of earnings in the past. Plaintiff has suffered serious and substantial injuries for which he requests the award of the following categories of damages:

  a.    Emotional distress, torment and mental anguish;

  b.    Damage to reputation;

  c.    Loss of earnings.

23.     Pursuant to 42 U.S.C. § 1983 and 1988, Plaintiff seeks to recover, and hereby requests the award of exemplary damages, reasonable attorney's fees and costs of court.

## STATE LAW CLAIMS

**MALICIOUS PROSECUTION**

24. The individual Defendants maliciously prosecuted Plaintiff under State Law and caused substantial harm to Plaintiff as described above: a criminal prosecution was commenced against the Plaintiff; the Defendants, by and through their falsified police reports, initiated or procured the criminal prosecution; the criminal prosecution was terminated in Plaintiff's favor – i.e., the case against the Plaintiff was dismissed; the Plaintiff was innocent of the charges; there was an absence of probable cause for the proceedings; the Defendants acted with malice; and, the Plaintiff was damaged by incarceration of ten (10) months in the Dallas County Jail.

**FALSE ARREST AND FALSE IMPRISONMENT**

25. By and through Defendants' falsified police reports, Defendants willfully detained Plaintiff; without his consent; and, without legal authority or justification. Specifically, Plaintiff's ten (10) month confinement in the Dallas County Jail was a false imprisonment perpetrated by the Defendants' false charges.

26. In his action for false imprisonment, Plaintiff requests actual damages for humiliation, shame, fright and mental anguish, and loss of earning capacity. Additionally, Plaintiff seeks exemplary damages based on Defendant willful and malicious actions.

27. Plaintiff requests prejudgment and postjudgment interest and court costs.

## V.   JURY REQUEST

28.   Plaintiff respectfully requests a jury trial.

## VI.   PRAYER

29.   WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendants. Plaintiff further prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

**SCOTT H. PALMER, P.C.**

15455 Dallas Parkway
Suite 540, LB 32
Addison, Texas 75001
(214) 987-4100 (*telephone*)
(214) 922-9900 (*telecopier*)

_____
SCOTT H. PALMER
State Bar No. 00797196

Attorney for the Plaintiff

**JS 44** (Rev. 3/99) **ORIGINAL** **3-09CV0066-N** **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Hannon, Thomas

**DEFENDANTS**
City of Dallas Police Officer David Nevitt
City of Dallas Police Officer Lawrence T. Coddington, Jr.
City of Dallas Police Officer David Durch
City of Dallas Police Officer Randy Sundquist
City of Dallas Police Officer Frank W. Podlenz
City of Dallas Police Officer Jerry Todd

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Van Zandt
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Dallas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

RECEIVED JAN 12 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Scott H. Palmer
Scott H. Palmer, PC
15455 Dallas Parkway, Suite 540
Addison, TX 75001    214.987.4100 Phone / 214.922.9900 Fax

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **PERSONAL INJURY** | | **SOCIAL SECURITY** | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | ☐ 362 Personal Injury — Med. Malpractice | | ☐ 861 HIA (1395ff) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury — Product Liability | | ☐ 862 Black Lung (923) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | ☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/Accommodations | **HABEAS CORPUS:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☒ 440 Other Civil Rights | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | |
| | | ☐ 740 Railway Labor Act | | |
| | | ☐ 790 Other Labor Litigation | | |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. § 1983 Unlawful Arrest and Indictment – False Imprisonment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

**DATE** 1.12.2009
**SIGNATURE OF ATTORNEY OF RECORD** [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____