IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS HANNON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-0066-N |
| | § | |
| DAVID L. NEVITT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Defendant City of Dallas's ("Dallas") motion to dismiss [69] and Defendants David Nevitt, Lawrence Coddington, Jerry Dodd, David Durica, and Randy Sundquist's (collectively "Officers") motions for judgment on the pleadings [95 and 96, respectively]. For the reasons below, the Court grants Dallas's motion to dismiss. The Officers' motions for judgment are granted in part and denied in part.

## I. FACTS

Plaintiff Thomas Hannon alleges that the Officers falsely arrested and detained him. The Officers arrested Hannon on August 1, 2007. *See* Pl.'s First Am. Compl. ¶ 9 [52]. A valid probation revocation warrant ("blue warrant") existed for Hannon's arrest. *See* Nevitt's Mot. for J. at 10 [95]. Hannon claims that Dodd falsified his police report. *See* Pl.'s First Am. Compl. at ¶ 13. According to the report, Nevitt observed Hannon carrying a black leather bag, Dodd and Durica took Hannon into custody pursuant to the blue warrant, and Dodd searched the bag, which Hannon allegedly carried, and found methamphetamine and

firearms.  *Id*.  Sundquist allegedly performed a field test on the drugs in the bag.  *Id*. at ¶ 18.  Hannon denies possessing the bag, drugs, and guns, but was ultimately charged with possession of methamphetamine and felony possession of a firearm.  *See id*. ¶ 14.  He was detained for ten (10) months while awaiting trial.  *Id*. at ¶ 23.

Hannon asserts that surveillance video proves that the Officers never saw him carrying a bag.  *See id.* at ¶ 15.  After viewing the surveillance video, the assistant district attorney re-questioned the Officers and Nevitt corroborated the police report.  *Id.*  The assistant district attorney dismissed the charges because she allegedly did not believe Nevitt.  *See id.* at ¶¶ 16, 18, 19.  According to Hannon, the assistant district attorney also noted that the Dallas Police Department was aware of Sundquist's dishonesty and pointed out that "the City of Dallas does not track officers who are unable to testify because they lack veracity."  *Id.* at ¶ 18.

Hannon alleges that these events deprived him of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights and privileges.[1]  *Id*. at ¶ 22.  He specifically claims that the Officers violated his constitutional rights by arresting him without probable cause.  *Id*. at 23.  He asserts that he suffered unreasonable seizure of his person because of his wrongful arrest and subsequent detention.  *Id*. at ¶ 24.  Hannon alleges that the Officers' prosecution was based on fraud and a violation of his substantive and procedural due process rights.  *Id*.

---

[1]The Fourteenth Amendment allows Hannon to assert his constitutional claims against a state actor.  The Court will refer to each individual constitutional claim separately in order to distinguishes between Hannon's Fourth, Fifth, and Eight Amendment claims that he brought through the Fourteenth Amendment and his stand-alone substantive due process Fourteenth Amendment claim.

Hannon also accuses Defendants of violating his state rights by falsely arresting, maliciously prosecuting, and conspiring against him. *Id*. at ¶ 31-33.

## II. Motion to Dismiss Standard

### A. Rules 12(b)(6) and 12(c)

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted). To avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

As the Supreme Court recently observed:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss

we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)).  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."  FED. RULE CIV. PROC. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50.

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### III. HANNON DOES NOT STATE A CLAIM AGAINST DALLAS

"Cities are not liable for constitutional violations committed by city employees unless those violations result directly from a municipal custom or policy."  *Sanders-Burns v. City of Plano*, 594 F.3d. 366, 380 (5th Cir. 2010).  Hannon claims that Dallas employed "a policy, practice, or custom that permitted the Officers to violate his Fourth Amendment, Fifth Amendment, Eighth Amendment, and Fourteenth Amendment."  Pl. Resp. to Dallas' Mot.

ORDER – PAGE 4

to Dismiss ¶ 10 [69].  He also claims that the Officers were acting pursuant to the official policy when they falsely arrested and detained him.  Pl.'s First Am. Compl. at ¶ 26.  Cities ordinarily contain official policy in duly promulgated policy statements, ordinances or regulations.  *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001).  "Alternatively, official policy [can also be] a persistent, widespread practice of city officials or employees, which although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Sanders-Burns*, 594 F.3d at 380 (quoting *Brown v. Bryan Cnty.* ,219 F.3d 450, 457 (5th Cir. 2000)).   While Hannon's allegations do not list an officially adopted and promulgated policy, he suggests that Dallas has a custom of failing to train police officers. *See* Pl.'s Resp. to Dallas' Mot. to Dismiss ¶ 16 [79].

Hannon cannot establish a pattern of inadequate training.  "Claims of inadequate training generally require that the plaintiff demonstrate a pattern. . . . [T]he prior acts [also] must be fairly similar to what ultimately transpired." *Sanders-Burns*, 594 F.3d at 381.  For Hannon to succeed in his inadequate training claim, he "must demonstrate that [Dallas'] training policy procedures were inadequate, [Dallas] was deliberately indifferent in adopting its training policy, and the inadequate training policy directly caused [his injuries]." *Id*. Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001).  It follows that a plaintiff must specifically identify each and any policy which allegedly caused constitutional violations and it must be

determined whether each is facially constitutional or unconstitutional. *See id.* at 580-581. Hannon alleges that Dallas "demonstrated deliberate indifference [when] official policy-makers' [failed] to discipline, suspend, or limit the authority of officers who have been known to make false statements or deliberately provide false information." Pl.'s Resp. to Dallas' Mot. to Dismiss at ¶ 12. However, Hannon alleges only that Sundquist's veracity was questioned in 1995. *Id*. at ¶ 17. One officer is hardly a pattern. Hannon also fails to plead that Sundquist's prior acts were fairly similar to his arrest and detention. Therefore, Hannon has not sufficiently supported his failure to train claim.

Hannon is barred from suing Dallas for his state law claims of false arrest and imprisonment. "The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents." TEX. CIV. PRAC. & REM. CODE § 101.106 (b). Hannon first sued the Officers, who are Dallas employees. Dallas did not consent to this suit. Therefore, Hannon's false arrest and imprisonment claims against Dallas are forever barred and the Court must grant Dallas' motion to dismiss.

## IV.  THE OFFICERS

### A. Fifth, Eighth, and Fourteenth Amendment Claims

Most of Hannon's constitutional claims against the Officers fail. Hannon asserts Fourth, Fifth, Eight, and Fourteenth Amendment claim against the Officers. Pl. First Am. Compl. ¶ 21-30. His Fifth Amendment claim fails because the Officers are not federal

actors. "The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). The Officers work for the City of Dallas, not the United States, and therefore are not liable under the Fifth Amendment.

The Eighth Amendment protects citizens from cruel and unusual punishment and excessive fines and bail. *See* U.S. CONST. amend. VIII. This protection, however, only applies to convicted persons. *See Ingraham v. Wright*, 430 U.S., 651, 671 n.40 (1977) (Governments cannot punish within the purview of the Eighth Amendment "until after [there has been] a formal adjudication of guilt in accordance with due process of law."). Although Hannon was detained for ten (10) months while awaiting trial, he was never convicted and thus cannot assert an Eighth Amendment violation.

Hannon's Fourteenth Amendment claim also fails because it stems from the allegation that his arrest and subsequent prosecution was without probable cause. The "substantive due process right to be free of prosecution without probable cause" is a Fourth, not a Fourteenth, Amendment claim. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Therefore, the Court grants the Officers' motions to dismisses Hannon's Fifth, Eighth, and Fourteenth Amendment claims.

### B. Fourth Amendment – False Arrest

The blue warrant shields the Officers from liability for Hannon's arrest. Hannon partially bases his Fourth Amendment claim on his alleged false arrest. The Fourth Amendment protects against false arrests by requiring police to have probable cause before

receiving a warrant. *See* U.S. CONST. amend. IV. The Officers assert a qualified immunity

defense regarding this claim. *See* Nevitt's Mot. for J. at 5; Officers' Mot. for J. at 20-22 [96].

Qualified immunity protects "government officials performing, discretionary functions . . .

from liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known." *Harlow*

*v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Fifth Circuit holds that "an official acting

within the scope of his authority is absolutely immune from a suit for damages to the extent

that the cause of action arises from his compliance with a facially valid judicial order issued

by a court acting within its jurisdiction." *Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).

The Officers had a facially valid blue warrant for Hannon's arrest. The blue warrant gave

the Officers probable cause and consequently insulates them from liability in Hannon's false

arrest claim. *See Mendenhall v. Riser*, 213 F.3d 226, 232 (5th Cir. 2000). Hannon does not

dispute the existence of the warrant, but alleges that Nevitt and the Officers did not know

about the warrant at the time of the arrest. Pl. Resp. to Nevitt's Mot. to Dismiss 13-15.

However, subjective knowledge of a warrant is irrelevant. *See Devenpeck v. Alford*, 543 U.S.

146, 153 (2004) ("An arresting officer's state of mind (except for the facts he knows) is

irrelevant to the existence of probable cause."). The Court therefore dismisses Hannon's

Fourth Amendment claim as it relates to his false arrest.

### C. Fourth Amendment-Malicious Prosecution

While the blue warrant may support Hannon's arrest, it does not immunize his

detention and prosecution for possession. Hannon pleads sufficient facts to refute probable

cause for his ten-month detention. The Fourth Amendment also protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *See* U.S. CONST. amend. IV. The Fifth Circuit holds "that malicious prosecution implicates rights guaranteed by the Fourth Amendment and is therefore actionable under § 1983." *Piazza v. Mayne*, 217 F.3d 239, 245 (5th Cir. 2000). Hannon was charged with possession of methamphetamine and firearms and detained for ten months while awaiting trial. The police report states that Nevitt observed Hannon carrying a bag, Dunn searched the bag and found drugs and firearms, Sundquist tested the drugs found in the bag, and Nevitt corroborated the facts alleged in the report to the district attorney. Hannon sufficiently alleges that the Officers never saw him carrying a bag**.** He pleads that a surveillance video confirms that he never carried a bag, let alone a bag with drugs and firearms. Hannon asserts facts that suggests that the Officers falsified evidence to justify his prosecution and detention. Qualified immunity does not protect government officials from liability when they detain someone on evidence they knew or should have know was false. *See Jureczki v. City of Seabrook, Tex.*, 760 F.2d 666, 668 (5th Cir. 1985) (citing cases where search and seizures were undertaken without probable cause because they were based "based on information that police knew or should have known was prejudiced and unreliable."). The Court therefore denies Dodd, Sundquist, and Nevitt's motion to dismiss as it relates to Hannon's Fourth Amendment malicious prosecution claim. The Court, however, dismisses Hannon's malicious prosecution claims against Coddington and Durica because Hannon does not plead any specific facts that show that they were involved in his prosecution or detention

for possession.[2] *See Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

### D. State Law Claims

Hannon's state law claims for false arrest and malicious prosecution mirror his constitutional claims. In Texas, false arrest and malicious prosecution claims both require the absence of probable cause.[3] *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982); *Wal-Mart Stores, Inc. v.* Rodriguez*, 92 S.W.3d 502, 506* (Tex. 2002); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515,517 (Tex. 1997). The Court has established that the blue warrant gave the Officers probable cause to arrest Hannon. The Court also established that Hannon pleads sufficient facts to refute probable cause for his ten (10) month detention for possession charges. Therefore, the Court grants the Officers' motions to dismiss on the false arrest state law claim. The Court also dismisses Hannon's state law malicious prosecution claim as it relates to Durica and Coddington. However, the Court denies Dodd, Sundquist, and Nevitt's motion to dismiss Hannon's state law malicious prosecution claim.

Hannon's conspiracy claim fails because all the Officers work for the same police force. The Fifth Circuit holds "that a corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). Another district court

---

[2]Hannon even concedes that "Coddington was seated in the lobby and did not participate in the parking lot arrest." Pl.'s Resp. to Officers' Mot. J. at 16

[3]"Authority of law" is synonymous with probable cause. *James*, 637 S.W.2d at 918 (holding that plaintiffs detention was under the authority of law because "was effected by a valid arrest warrant.")

in this Circuit applied this "intracorporate conspiracy" doctrine to police departments as well. *See Thompson v. City of Galveston*, 979 F. Supp. 504, 511 (S.D. Tex. 1997). The Officers are all employees of the Dallas Police Department. In the context of Hannon's conspiracy claims, the Officers and the Dallas Police Department "are a single legal entity which is incapable of conspiring with itself." *Id.* at 512. The Court therefore grants the Officers' motions to dismiss Hannon's conspiracy claims.

Signed March 17, 2011.

David C. Godbey
United States District Judge

ORDER – PAGE 11